IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VALERY LOUIS**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**CHUCK T. HAGEL, Secretary,**<br>　Department of the Navy<br><br>　　**Defendant.** | )<br>)<br>)<br>)<br>)  **COMPLAINT**<br>)  **TITLE VII**<br>)  **RACE AND NATIONAL**<br>)  **ORIGIN**<br>)  **DISCRIMINATION**<br>)<br>) |

## COMPLAINT

**Comes Now** the Plaintiff, Valery Louis, in accordance with 5 U.S.C. section 7702, by and through his undersigned counsel, with this civil action, pursuant to which Plaintiff alleges the following:

BACKGROUND

1. This case involves an appeal from the Final Agency Decision (the "FAD") of the Defense Information Systems Agency ("DISA" or the "Agency") of the Department of Defense (the "DOD") to the United States District Court for the District of Columbia for a trial de novo on the Plaintiff's allegations in his EEO Complaint to the Agency.

2. Pursuant to that Complaint, the Agency accepted for investigation the Plaintiff's contentions that he'd been discriminated against on the basis of race (Black) and national origin (Haitian) and was subjected to a hostile work environment when, in 2012, Plaintiff was forced to resign from the Agency and when his security classification was suspended.

3. The FAD, dated December 16, 2014 and served December 19, 2014, denied any relief to the Plaintiff..In light of the due date falling over the holiday weekend, this Complaint is being filed electronically within the thirty day limit for filing a civil action in response to the FAD in an appropriate United States District Court,

4. The Plaintiff, Mr. Valery Louis, was a GS-12 information technology specialist at DISA, a division of the DOD, in its Mechanicsburg, Pennsylvania facility. DISA, which furnishes various information services to DOD, is based in Fort Meade, Maryland. Based upon information and belief, the Agency also has more than 500 employees. DISA is a part of the DOD. Acts of discrimination in this case occurred wiyhin the District of Columbia, Pennsylvania and Maryland.

5.   During the term of his DISA employment, Plaintiff was subjected to racial

and national origin epithets from other members of DISA's staff. On a number of occasions, DISA staff also subjected Plaintiff to physical assaults motivated by their hostility to his race and national origin. These included the administration of a gas which rendered Plaintiff unconscious and of droplets of an acid which left facial injuries. Fearing for his safety, Plaintiff felt compelled to resign from his DISA position. Plaintiff received notification of the suspension of his security classification a few days later.

## FIRST CAUSE OF ACTION: DISPARATE TREATMENT

(Race and National Origin Discrimination in Violation of Title VII)

6. Plaintiff restates the allegations of paragraphs 1 through 5 of this Complaint as if fully rewritten herein.

7. To establish a prima facie case of discrimination on the basis of race and national origin, the Plaintiff must show: (1) that he was a member of a protected class; (2) he was subjected to an adverse employment action concerning a term, condition or privilege of employment and (3) he was treated differently than similarly situated employees outside his protected class, or there was some other

evidentiary link between membership in the protected class and the adverse employment action.

7. Plaintiff, an Afro-American of Haitian national origins, was subjected to racial and ethnic insults and grotesque physical abuse. The abuse deprived Plaintiff of his physical security The abuse was so severe and intrusive as to force Plaintiff to consider resigning. The context of verbal racial and ethnic abuse and the highly unusual assaultive behavior also indicate DISA staff singled out the Plaintiff for this treatment – i.e. treated Plaintiff differently than otherwise similarly situated co-workers - in light of Plaintiff's race and national origin. This treatment also included the suspension, termination, or notification of the suspension or termination of Plaintiff's security classification at the request of the Agency's discriminating officials.

8. As a result of the actions complained of, the Agency engaged in disparate treatment of Plaintiff on the basis of race and/or national origin in violation of Title VII.

SECOND CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT
(Race and National Origin Discrimination in Violation of Title VII)

9. Plaintiff re-states the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10. Harassment of an employee is actionable under Title VII if it would not occur but for the employee's race, color, gender, national origin, age, disability, religion or in reprisal and is sufficiently patterned or pervasive to result in either: (1) a tangible employment action, or (2) a hostile work environment.

11. The elements of a claim for harassment/hostile work environment are: (1) a Plaintiff's membership in a statutorily protected class; (2) his being subjected to unwelcome conduct; (3) the complained of conduct was based on Plaintiff's protected status; (4) the harassment had the effect of interfering with Plaintiff's performance and/or creating an intimidating, hostile or offensive work environment, and (5) there was a basis for imputing liability to the employer.

12. Plaintiff, an Afro-American male of Haitian origins, was abused physically and subjected to racial and ethnic epithets because of his race and national origins on numerous occasions, thereby creating for Plaintiff an explicitly hostile nnd objectively offensive work environment. Plaintiff's also was notified of the

suspension or termination of his security clearance a few days after his forced resignation. This, based upon information and belief, was made at the request of Agency discriminating officials and his another manifestation of the Agency's hostile work environment and adverse actions against discriminated against employees. Moreover, the group of Agency employees engaging in the complained of actions included members of the Agency's management staff acting in concert while on the job.

13. As a result of the actions complained of, the Agency harassed and/or created a hostile work environment for Plaintiff on the basis of race and/or national origin in violation of Title VII.

THIRD CAUSE OF ACTION: CONSTRUCTIVE DISCHARGE
(Race and National Origin Discrimination in Violation of Title VII)

14.Plaintiff re-states the allegations of paragraphs 1 through 13 of the Complaint as if fully re-written herein.

15..The elements of a constructive discharge in violation of Title VII are: that

a reasonable person in Plaintiff's position would have found the working conditions intolerable; (2) the conduct causing the intolerable working conditions is an EEO violation, and (3) the Plaintiff's resignation was caused by the intolerable working conditions.

16. Plaintiff repeatedly was insulted racially and ethnically and repeatedly was assaulted physically as a part of the DISA staff's pattern of racial and ethnic hostility. These DISA actions resulted in Plaintiff's resignation in order to protect his own safety.

17. As a result of the actions complained of, the Agency discharged Plaintiff constructively on the basis of race and/or national origin in violation of Title VII.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests all appropriate relief, including: (1) all forms of equitable relief such as back pay (with interest), and reinstatement or front pay, and ensuring the reinstatement or ongoing active status of Plaintiff's security classification; (2) compensatory damages for mental anguish to the applicable statutory limits ($300,000) ; and (3) attorney's fees.

The complained of conduct in this case also is willful and egregious, and displays the Agency's contempt for the Plaintiff's federal rights. In addition, the Agency has attempted to conceal its unlawful conduct. Thus, Plaintiff requests punitive damages, too - if awardable against a federal government employer by court order - in the amount of $5 million.

## JURY DEMAND

Plaintiff also demands a trial by jury.

.Dated: January 16, 2015          Respectfully submitted,

    /s *Leicester Bryce Stovell*          L

Leicester Bryce Stovell, Esq.
Md. Fed. ID Bar No. 19208
Attorney for Plaintiff Mr.Valery Louis
Law Office of Leicester Bryce Stovell, Esq.
631 12TH STREET, N.E.
WASHINGTON, D.C. 20002
(202) 302-0657
Leicester1@aol.com