UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VALERY LOUIS**, | ) )  ) |
| Plaintiff, | ) ) |
| v. | )   Civil Action No. 15-cv-92 (TSC) ) |
| **CHUCK HAGEL** *Secretary, U.S. Department of Defense,* | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Plaintiff Valery Louis brings this action against the Department of Defense ("DOD") alleging that the agency discriminated against him based on his race and national origin in violation of Title VII, 42 U.S.C. § 2000e *et seq.*[1] Plaintiff also alleges that he was constructively discharged. Defendant unsuccessfully challenged venue in this district and, after a scheduling conference, the parties agreed on a briefing schedule for pre-discovery motions. The court entered an order adopting the agreed-upon deadlines and Defendant filed a timely motion to dismiss. (ECF No. 20). However, Plaintiff has not filed a response to the motion, nor has he sought leave to extend his response deadline of August 16, 2016. (*See* ECF No. 19). Therefore, this court could treat Defendant's arguments as conceded. *See* Local Civil Rule 7(b). However, for the reasons set forth below, the court will GRANT Defendant's motion in part, and DENY the motion in part.

---

[1] In his Corrected Complaint, Plaintiff cites to 5 U.S.C. § 7702, which governs administrative review of discrimination claims by federal employees and sets forth the circumstances under which judicial review is available. Despite Plaintiff's citation to this provision, the court construes his claims as Title VII, 42 U.S.C. § 2000e, discrimination claims because Plaintiff repeatedly refers to "Title VII" in the Corrected Complaint.

## A. BACKGROUND

Plaintiff describes himself as an "Afro-American of Haitian national origin[ ]." (ECF No. 6, Corrected Compl. ¶ 7).[2] He is a former employee with the Defense Information Systems Agency ("DISA" or "Agency")—a component division within DOD. Plaintiff alleges that during his employment, he "was subjected to racial and national origin epithets from other members of DISA's staff" and that he was the victim of "physical assaults motivated by . . . hostility to his race and national origin." (*Id.* ¶ 5). He claims that the assaults "included the administration of a gas which rendered [him] unconscious" and the administration of acid droplets that caused him "facial injuries." (*Id.*) Allegedly fearing for his safety, Plaintiff resigned and DISA subsequently revoked his "classification," which the court interprets as his security clearance. (*Id.*)

Plaintiff asserts three causes of action: disparate treatment (Count I);[3] hostile work environment (Count II); and constructive discharge (Count III). Defendant has moved to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to exhaust administrative remedies, Fed. R. Civ. P. 12(b)(6).

## B. STANDARD OF REVIEW

### 1. Rule 12(b)(1)

---

[2] Plaintiff's Corrected Complaint contains two paragraphs labeled number seven. In this Opinion, any citations to paragraph seven refer to the second paragraph.

[3] Plaintiff alleges that he experienced disparate treatment when the DOD: (1) subjected him to "racial and ethnic insults and grotesque physical abuse"; and (2) suspended his security clearance. (Corrected Compl. ¶ 7). As this court pointed out in its prior Opinion, "[t]he contours of Plaintiff's disparate treatment claim are not clear . . . because the only obvious adverse employment action he mentions in his Complaint involves the revocation of his security clearance." *Louis v. Hagel*, No. 15-cv-92 (TSC), 2016 WL 1301050, at *1 (D.D.C. Apr. 1, 2016).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation omitted). "Nevertheless, 'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (citation omitted). Importantly, the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court may consider "relevant facts found outside of the complaint" when resolving a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *Mendoza v. Perez*, 754 F.3d 1002, 1016 n.9 (D.C. Cir. 2014).

2. **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In most instances, when deciding a Rule 12(b)(6) motion, a court may "consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Additionally, "the Court may consider documents specifically referenced in the complaint where the authenticity of the document is not questioned." *United Mine Workers of*

*Am., Int'l Union v. Dye*, No. CIV.A. 06-1053(JDB), 2006 WL 2460717, at *6 (D.D.C. Aug. 23, 2006); *New York State Bar Ass'n v. F.T.C.*, 276 F. Supp. 2d 110, 114 n.6 (D.D.C. 2003) (noting that "a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned.") (quoting *Cooper v. Pickett*, 137 F.3d 616, 622–23 (9th Cir. 1997)). [4]

## C. ANALYSIS

Defendant seeks dismissal on the grounds that: (1) this court does not have jurisdiction to consider Plaintiff's claims relating to his security clearance; and (2) Plaintiff failed to exhaust his administrative remedies with respect to his claims regarding racial/national origin epithets and physical assaults.

### 1. Disparate Treatment - Security Clearance

In its prior Opinion, this court warned Plaintiff that any claims regarding revocation of his security clearance had to be considered in light of this court's decision in *Hendrix v. Napolitano*, 77 F. Supp. 3d 188, 194–96 (D.D.C. 2015). *See Louis v. Hagel*, No. 15-CV-92 (TSC), 2016 WL 1301050, at *1 n.2 (D.D.C. Apr. 1, 2016). In *Hendrix*, this court explained that "a court may not review a decision regarding suspension or revocation of a . . . Security clearance, because such decisions are nonjusticiable under" *Department of the Navy v. Egan*, 484 U.S. 518 (1988). 77 F. Supp. 3d at 194; *see also Rattigan v. Holder*, 689 F.3d 764, 766 (D.C.

---

[4] Resolving Defendant's motion on the exhaustion issue requires the court to consider two documents outside of the Corrected Complaint: (1) Plaintiff's EEO charge; and (2) Defendant's "Notice of Acceptance of Discrimination Complaint" ("Determination Letter").  Plaintiff has not challenged the authenticity of these two documents, and references the EEO charge in his Corrected Complaint (Corrected Compl. ¶ 1).  Plaintiff also refers to the Determination Letter in his Corrected Complaint (*Id.* ¶¶ 1, 3), and repeatedly cites to the Letter in the opposition papers he filed in response to Defendant's first motion to dismiss.  (*See* ECF No. 10, Pls. Response, pp. 4, 6–7, 9; ECF No. 12, Plaintiff's Clarification Motion, p. 3).  Thus, the authenticity of that document is not at issue.


Cir. 2012) (noting that the Circuit interpreted *Egan* as barring "judicial review of adverse employment actions based on the denial or revocation of a security clearance.") (citations omitted); *cf. Oryszak v. Sullivan*, 576 F.3d 522, 526 (D.C. Cir. 2009) ("Therefore, following the lead of the Supreme Court, we have consistently held that because the authority to issue a security clearance is a discretionary function of the Executive Branch, actions based upon denial of security clearance are committed to agency discretion by law, at least where a constitutional claim is not properly presented.") (citations omitted).

Citing *Egan*, Defendant argues that this court must dismiss Plaintiff's claims regarding the revocation of his security clearance. The court agrees. Plaintiff did not assert any facts or cite to any legal authority in his Corrected Complaint that might support maintenance of his security clearance claim, and he has not responded to Defendant's motion. Accordingly, the court will grant DOD's 12(b)(6) motion to dismiss the security clearance claim as conceded. *See* Local Civil Rule 7(b).

**2.  Hostile Work Environment/Constructive Discharge**

Next, Defendant argues that Plaintiff's claims regarding racial/national origin epithets and physical assaults are not actionable because Plaintiff failed to exhaust his administrative remedies. After filing an EEO charge, a plaintiff may bring a lawsuit only for "claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (citation omitted).

> A vague or circumscribed . . . charge will not satisfy the exhaustion requirement for claims it does not fairly embrace. Allowing a complaint to encompass allegations outside the ambit of the predicate . . . charge would circumvent the EEO[]'s investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely . . . charge.

*Marshall v. Fed. Exp. Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (internal quotations and citation omitted). Therefore, "[a]t a minimum, the Title VII claims must arise from 'the administrative investigation that can reasonably be expected to follow the charge of discrimination.'" *Jackson v. Gallaudet Univ.*, No. CV 14-2074 (TSC), 2016 WL 953217, at *2 (D.D.C. Mar. 14, 2016) (citing *Park*, 71 F.3d at 907).

Because failure to exhaust is an affirmative defense, the defendant bears the burden of proof on this issue. *Hairston v. Tapella*, 664 F. Supp. 2d 106, 110 (D.D.C. 2009). Once a defendant has met its burden, the burden shifts to the plaintiff to make the case that dismissal is not warranted. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).

In his EEO charge, Plaintiff "checked the box" for national origin and race and explained:

> Treated differently from other employees due to race and national origin. More details on other sheets.

(Def. Ex. 1).[5] Neither party placed the "other sheets" in the record here, but Defendant provided a copy of the Determination Letter that the agency sent Plaintiff in response to his EEO Charge. (Def. Ex. 2). In that Letter, the agency characterized Plaintiff's allegations as follows:

> Based on a review of your discrimination complaint dated 30 November, 2012, it is understood that you are alleging you were discriminated against on the basis of your Race (Black) and National Origin (Haiti) and you were subjected to a hostile work environment culminating in constructive discharge from federal service when:
>
> l) On 15 Oct, 2012, your access to classified information was suspended.
>
> 2) On, or around, 16 Oct, 2012, you were forced to formally resign from federal service out of fear and concern for your safety.

---

[5] While the EEO form contains a "box" to check for sexual harassment, the form does not contain a "box" to check for harassment based on race or age. (*See* Def. Ex. 1).

(Def. Ex. 2).  The Letter also informed Plaintiff that if he believed the claims were not "correctly identified," he was to notify the agency within seven days of receiving the Letter or the agency's "definition" of the charge would be presumed correct.  (*Id*.)  Because Plaintiff did not contest the agency's description of his claim and because the agency purportedly failed to accept Plaintiff's racial/national origin epithet and assault allegations for investigation, Defendant contends that Plaintiff failed to exhaust his administrative remedies with respect to these allegations.

Even in the absence of a response by Plaintiff, the court will deny Defendant's motion because the agency has not met its burden of establishing that Plaintiff failed to exhaust his administrative remedies.  First, the exhaustion "inquiry necessarily involves examining the facts alleged in the EEO[] complaint to determine whether the [agency] had notice to investigate the claims first before they were raised in court." *Ortiz-Diaz v. U.S. Dep't of Hous. & Urban Dev.*, 961 F. Supp. 2d 104, 110 (D.D.C. 2013) (citing *Mangiapane v. Adams*, 661 F.2d 1388, 1389 (D.C. Cir. 1981)); *Mathirampuzha v. Potter*, 548 F.3d 70, 76 (2d Cir. 2008).  But here, without a copy of the "other sheets," to which Plaintiff referred in his EEO complaint, the court is unable to determine if "all of the material facts alleged in the complaint . . . were also alleged in the" EEO charge.  *Ortiz-Diaz v. U.S. Dep't of Hous. & Urban Dev.*, 961 F. Supp. 2d 104, 110 (D.D.C. 2013).

Viewing the facts in the light most favorable to Plaintiff, however, the court finds that the documents in the record suggest that Plaintiff did, in fact, complain to the agency about the alleged assaults and racial/national origin epithets.  The DOD's Determination Letter indicates that Plaintiff claimed to have resigned because he feared for his life, after being subjected to a hostile work environment.  (Def. Ex. 2).  Moreover, after completing its investigation, the agency issued an opinion that specifically discussed Plaintiff's allegations regarding physical assaults

with acid and DISA employees making racial/national origin comments. (ECF No. 8, Def. Mot. to Dismiss, Final Agency Decision, Ex. 1, pp. 2–4). Thus, there is evidence that Plaintiff not only informed DOD about the challenged conduct, but that the agency also investigated his claims. Accordingly, the agency's failure to explicitly characterize his claims as including allegations of assaults and racial/national origin epithets is not dispositive here.

Moreover, the court rejects Defendant's argument that Plaintiff's failure to challenge the DOD's characterization of his claims as articulated in the Determination Letter means he failed to exhaust his administrative remedies. As another Judge on this court has noted (in a decision that was affirmed by the D.C. Circuit), a plaintiff's failure to correct or to respond to the agency's Determination Letter is not a prerequisite to filing a Title VII lawsuit:

> [A]n acceptance-of-claims letter, though organizationally useful in clarifying the topics to be investigated, is not a mandated pre-investigation procedure under any statute or regulation insofar as the agency is not required to identify for the complainant the specific claims that it will investigate following an EEO complaint and the complainant is not required to respond within a certain time to avoid waiving those claims. But by putting the burden on the complainant to object to the agency's acceptance-of-claims letter within the arbitrarily specified timeframe, courts shift the exhaustion onus from the agency to the individual without any legal basis for doing so. *See Ortiz–Diaz v. U.S. Dep't of Hous. & Urban Dev.*, 961 F. Supp. 2d 104, 111–12 (D.D.C. 2013) (holding that "agencies, not employees, have the burden of developing the administrative record," and "that much plaintiff has done by having included racial discrimination on his EEOC complaint").

*Mokhtar v. Kerry*, 83 F. Supp. 3d 49, 65–66 (D.D.C. 2015), *aff'd*, No. 15-5137, 2015 WL 9309960 (D.C. Cir. Dec. 4, 2015) (footnotes omitted)(emphasis in the original).

## C. CONCLUSION

For the reasons explained above, by separate order the court will GRANT DOD's motion on Plaintiff's claims as they relate to his security clearance, but DENY without prejudice the

motion as to all other claims.

Date: October 28, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge